NGUYEN, J.,
concurring in part and concurring in the result:
I agree with the majority that CLEAR’s claims for prospective relief are not time-barred and that its public trust and state constitutional claims impermissibly seek to compel agency compliance with broad statutory mandates rather than discrete actions. Unlike the majority, however, I do not think that the plain text of California Fish and Game Code § 5937 limits its application in this case. The statute says nothing about the purpose for which the dammed water is to be used. A dam is defined broadly to “include[ ] all artificial obstructions.” Cal. Fish & Game Code § 5900(a).
I agree with the result, however, because Section 8 does not apply here. State law cannot dictate the structural or operational requirements of a federal levee that crosses the California-Arizona border in such a way that would affect the interstate *590 flow of water along the lower Colorado River through the Cibola Cut. See California v. United States, 438 U.S. 645, 674 & n. 29, 98 S.Ct. 2985, 57 L.Ed.2d 1018 (1978) (“[T]he [Boulder Canyon] Project Act ‘plainly allows the States to do things not inconsistent with the Project Act or with federal control of the [lower Colorado] river.’ ” (quoting Arizona v. California, 373 U.S. 546, 588, 83 S.Ct. 1468, 10 L.Ed.2d 542 (1963))).